UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

—————

|  |  |  |
|---|---|---|
| ROBERT H. WARNER, II, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-302 |
| | ) | |
| v. | ) | Honorable Janet T. Neff |
| | ) | |
| DSM PHARMA CHEMICALS NORTH | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| JEFF GRANT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:07-cv-312 |
| | ) | |
| v. | ) | |
| | ) | |
| DSM PHARMA CHEMICALS NORTH | ) | |
| AMERICA, INC., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

These are diversity actions brought by former employees of DSM Pharma Chemicals North America, Inc. (DSM) seeking to recover under a retention bonus agreement. Plaintiffs allege that DSM breached the agreement as a result of its failure to pay plaintiffs their complete retention bonuses at the time DSM ceased its operations at the South Haven, Michigan, plant. The cases were initiated in the Van Buren County Circuit Court, but were removed to this court by defendant.

Defendant's answer denied liability under the retention bonus agreements and asserted counterclaims for recovery of monies DSM paid to plaintiffs in the past, allegedly as a result of mistake.

After a brief period of written discovery, defendant moved pursuant to Rule 41(a)(2) for leave to dismiss its counterclaims with prejudice. Plaintiffs responded to the motion, lodging no objection to the dismissal of the counterclaims with prejudice. Plaintiffs did, however, assert a claim for attorney's fees and costs as a condition of the dismissal, under the provision of Rule 41(a)(2) that allows the court to allow a voluntary dismissal, "on terms the court considers proper." Judge Janet T. Neff has referred defendant's motion to me. The only remaining issue is whether the court should tax attorney's fees against defendant as a condition to dismissal of its counterclaims with prejudice. For the reasons set forth below, I find that plaintiffs are not entitled to taxation of attorney's fees and recommend that defendant's motion for voluntary dismissal with prejudice be granted, without conditions.

## Discussion

It is generally considered to be an abuse of discretion for a court to deny a request for voluntary dismissal with prejudice. *See Smoot v. Fox (Smoot I)*, 340 F.2d 301, 303 (6th Cir. 1964). The only issue is whether the court should exercise its authority under Rule 41(a)(2), which empowers the court to grant a motion for voluntary dismissal "upon such terms and conditions as the court deems proper." Under this provision, courts frequently award costs and attorney's fees when a plaintiff dismisses a suit without prejudice. *See, e.g., Duffy v. Ford Motor Co.*, 218 F.3d 623, 629-30 (6th Cir. 2000). Even in that situation, an award of costs and fees is not mandatory. *See DWG Corp. v. Granada Inv., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992). Courts generally exercise

their discretion to impose such conditions in the case of a dismissal without prejudice to reimburse the other party for litigation costs already incurred, in view of the risk placed by that party that the same suit will be refiled in the future.  *See Duffy*, 218 F.3d at 630.

By contrast, when a claim is voluntarily dismissed with prejudice, the rule is that attorney's fees are not available.  *See Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965) (*Smoot II*); *Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 852-53 (W.D. Mich. 2007).  "The rule in this circuit has long been that attorney's fees are not awardable on a dismissal with prejudice, but are permitted against the dismissing party on a dismissal without prejudice, for the express purpose of 'compensat[ing] the defendant for expenses in preparing for trial in the light of the fact that a new action may be brought in another forum.'"  *Spar Gas, Inc. v. A.P. Propane, Inc.*, No. 91-6040, 1992 WL 172129, at * 2 (6th Cir. July 22, 1992) (quoting *Smoot II*).  Plaintiffs acknowledge this general rule, but assert that fees may be taxed as a condition of a dismissal with prejudice in "exceptional circumstances."  Plaintiffs rely on out of circuit authority, such as *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997), for this proposition.  Plaintiffs' argument suffers from two flaws.  First, the Sixth Circuit has never endorsed the "exceptional circumstances" rule.  *See also Colombrito v. Kelly*, 764 F.2d 122, 133-34 (2d Cir. 1985) (following *Smoot II* and refusing to adopt an exception for "exceptional circumstances").  Second, it is farfetched to even argue that exceptional circumstances apply in the present case.  Plaintiffs have been put to virtually no expense or effort in defending the counterclaims.  Their argument in favor of exceptional circumstances is essentially based on the assertion that the counterclaims are baseless.  Whatever vindication is due to plaintiffs on this score is completely accomplished by a dismissal of the "baseless" claims with prejudice.

In addition to attempting to skirt the general rule against imposition of fees as a condition of a dismissal with prejudice, plaintiffs assert three independent bases for the imposition of attorney's fees.  None of these withstands scrutiny.  First, plaintiffs seek fees under the provisions of ERISA, 29 U.S.C. § 1132(g)(1).  This statute gives the court discretion to award an attorney's fee in any action "under this subchapter" by a "participant, beneficiary, or fiduciary."  Judge Neff has already determined that all claims in this case arise under state law and not under ERISA.  The court reached this conclusion at plaintiffs' urging.  It is somewhat incongruous for plaintiffs to claim at this point that the counterclaims did indeed arise under ERISA and seek the imposition of attorney's fees on that basis.

Plaintiffs next seek to invoke the attorney's fees provisions of Rule 11(c) of the Federal Rules of Civil Procedure.  Plaintiffs are not entitled to seek Rule 11 sanctions, because they have not alleged compliance with the safe harbor requirements established by Rule 11(c)(2).  The Sixth Circuit has squarely held that Rule 11 sanctions are unavailable where a moving party fails to serve a timely safe harbor letter and that the safe harbor provisions are mandatory.  *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510-11 (6th Cir. 2002); *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997).

Finally, plaintiffs seek attorney's fees under 28 U.S.C. § 1927.  That statute allows the court to impose sanctions against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously. . . ."  Section 1927 imposes an objective standard, pursuant to which an attorney may be sanctioned if he knows or reasonably should know "that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims."  *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986); *see Garner v. Cuyahoga*

*County Juvenile Court*, 554 F.3d 624, 645 (6th Cir. 2009).  Simple negligence or inadvertence will not do.  Rather, there must be actions on the part of the subject attorney that trial judges "could agree fall short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party."  *Ridder*, 109 F.3d at 298 (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)) *see Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009).

        In support of a request for fees under section 1927, plaintiffs argue (1) that counsel removed these cases to federal court "in part" under ERISA, (2) that defense counsel filed briefs with this court in which they argued that ERISA preempted plaintiffs' claims, and that (3) defense counsel refused to provide discovery once defendant decided to dismiss the counterclaims.  None of these circumstances, either singly or in combination, even approaches the kind of unreasonable and vexatious multiplication of proceedings that section 1927 was designed to punish.  As plaintiffs' counsel himself acknowledged during argument before Judge Neff, a separate and independent basis for removal, namely diversity of citizenship, existed, despite the lack of ERISA jurisdiction. (Transcript, docket # 39, at 16-17).  The removal of this case can hardly be deemed vexatious, given the clear existence of diversity jurisdiction.  Second, plaintiffs have not established that defendant's arguments in favor of ERISA jurisdiction were vexatious or objectively unreasonable, nor did Judge Neff so find.  Finally, defendant's decision to withdraw its counterclaims and spare all parties further expense in discovery cannot possibly be deemed an act that "multiplies" the proceedings or expenses.  To the contrary, defendant's decision eliminated expense.

        If any conduct in this case can be deemed vexatious, it is plaintiffs' decision to oppose a routine motion for voluntary dismissal without any arguable basis in law or fact.  Nine hundred and

ninety-nine lawyers out of 1,000 would have simply acquiesced in a dismissal with prejudice and counted themselves the victor.  Plaintiffs have put both the parties and the court to the unnecessary burden of analyzing a claim for attorney's fees that lacks all merit.  Plaintiffs' vexatious attitude is further reflected in their demand for discovery on the counterclaims, which will be dismissed with prejudice, merely to bolster their request for fees.  At some point, attorneys are expected to stand back from the heat of battle and to make dispassionate decisions.  This is apparently not happening in the present case.

### Recommended Disposition

For the foregoing reasons, I recommend that defendant's motion to voluntarily dismiss its counterclaims be granted and that no attorney's fees or other costs be taxed as a condition thereof.

Dated:  March 31, 2009                          /s/  Joseph G. Scoville
                                                United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).