UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT H. WARNER, II,

    Plaintiff,   Case No. 1:07-cv-302

v.   HON. JANET T. NEFF

DSM PHARMA CHEMICALS
NORTH AMERICA, INC.,

    Defendant.
_____

JEFF GRANT, et al.,

    Plaintiffs,   Case No. 1:07-cv-312

v.

DSM PHARMA CHEMICALS
NORTH AMERICA, INC.,

    Defendant.
_____/

## OPINION

These consolidated cases are before the Court on "Plaintiff's [*sic*] Objection to the Magistrate's Report and Recommendation Regarding Defendant's Motion to Voluntarily Dismiss its Counterclaims with Prejudice and Without Costs." Plaintiffs have also subsequently filed a related "Motion for Attorney Fees Under 29 U.S.C. § 502(g)."[1]

---

[1] Plaintiffs' Motion refers to "29 U.S.C. § 502(g)," which is nonexistent. The Court presumes that plaintiffs intend to reference "§ 502(g) of ERISA," 29 U.S.C. § 1132(g)(2)(D).

The Court has reviewed and considered plaintiff's Objection to the Report and Recommendation and defendant's Response. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which an objection has been made. The Court denies the Objection and issues this Opinion and Order. *See* FED. R. CIV. P. 72(b).

The Court has also reviewed and considered plaintiffs' Motion for Attorney Fees and defendant's Response. Plaintiffs' motion merely duplicates the arguments advanced in their Objection.[2] The Court denies plaintiffs' Motion on the same grounds as stated herein with regard to the Objection.

## I. Discussion

On March 31, 2009, the Magistrate Judge filed a Report and Recommendation, recommending that "defendant's motion to voluntarily dismiss its counterclaims be granted and that no attorney's fees or other costs be taxed as a condition thereof" (Rep. & Rec. 6). Plaintiffs do not object to the voluntary dismissal of defendant's counterclaims with prejudice, but do allege error in the Magistrate Judge's determination that the payment of attorney fees should not be a condition of dismissal.

Plaintiffs first argue that the Magistrate Judge erred in concluding that plaintiffs are not entitled to attorney fees under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(g)(1), since ERISA issues were first raised by defendant's notice of removal, answer, affirmative defenses and counterclaim (Pls.' Obj. 3). Plaintiffs contend that a court may award

---

[2] Plaintiffs state no explanation or justification for filing an independent motion for attorney fees after the Report and Recommendation was issued and while their Objection was pending. The Court finds the filings unnecessarily duplicative and cumbersome in resolving these matters.

2

attorney fees in cases where the party held responsible for the fees incorrectly claimed ERISA application, even though the court ultimately determined that ERISA did not apply (*id.*). Plaintiffs argue that it would be unjust to permit defendant to insulate itself from ERISA provisions for attorney fees merely because defendant could not support its claims that this was an ERISA case (*id.* at 5).

Plaintiffs' argument is unavailing. The Magistrate Judge recognized that a court has discretion to award attorney fees in any action "under this subchapter" by a "participant, beneficiary, or fiduciary." 29 U.S.C. § 1132(g)(1). Magistrate Judge Scoville properly concluded that under the circumstances of this case, an award of fees pursuant to ERISA was unwarranted since plaintiffs argued, and this Court determined, that ERISA does not apply to the claims at issue.

Plaintiffs also argue that the Magistrate Judge erred in stating that "when a claim is voluntarily dismissed with prejudice, the rule is that attorney's fees are not available." (Pls.' Obj. 6). Plaintiffs contend that this is not an accurate statement of the law because fees may nonetheless be awarded upon a voluntary dismissal with prejudice where there is independent statutory authority to award fees, such as ERISA (*id.*).

Plaintiffs' distinction in the law, even if correct, does not affect the result in this case. Regardless whether some courts recognize that in a voluntary dismissal with prejudice, fees may be awarded pursuant to *independent statutory authority* such as ERISA, the Magistrate Judge determined that an award of fees under § 1132(g)(1) of ERISA was unwarranted in this case. As discussed above, this Court finds no error in the Magistrate Judge's conclusion.

The Court likewise denies plaintiffs' Motion for Attorney Fees. The motion advances no arguments that alter the Court's consideration of the substantive issues presented in the Objection

3

to the Report and Recommendation. As defendant points out in its Response to plaintiffs' motion, plaintiffs did not bring their claims under ERISA, nor did defendant bring its counterclaims under ERISA (Def's. Mot. Resp. 3).[3] The Report and Recommendation by the Magistrate Judge applies equally to plaintiffs' Motion for Attorney Fees; thus, the Motion is properly resolved on the same grounds.

## II. Conclusion

Accordingly, plaintiffs' Objection (Dkt 86 in case no. 1:07-cv-302; Dkt 82 in case no. 1:07-cv-312) is denied. The Report and Recommendation (Dkt 83 in case no. 1:07-cv-302; Dkt 79 in case no. 1:07-cv-312) is approved and adopted as the opinion of the Court. Defendant's Motion to Voluntarily Dismiss its Counterclaims (Dkt 68 in case no. 1:07-cv-302; Dkt 63 in case no. 1:07-cv-312) is therefore granted for the reasons stated in the Report and Recommendation.

The Court denies plaintiffs' Motion for Attorney Fees (Dkt 90 in case no. 1:07-cv-302; Dkt 86 in case no. 1:07-cv-312).

An Order will be entered consistent with this Opinion.


DATED: May 13, 2009               /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge

---

[3] To the extent that plaintiffs intend to claim fees under § 1132(g)(2)(D) in their Motion as opposed to § 1132(g)(1) in their Objection, plaintiffs' claim is still without merit.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT H. WARNER, II,

       Plaintiff,                                 Case No. 1:07-cv-302

v.                                            HON. JANET T. NEFF

DSM PHARMA CHEMICALS
NORTH AMERICA, INC.,

       Defendant.
_____

JEFF GRANT, et al.,

       Plaintiffs,                                Case No. 1:07-cv-312

v.

DSM PHARMA CHEMICALS
NORTH AMERICA, INC.,

       Defendant.
_____/

## ORDER

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that plaintiffs' objection is DENIED and the Report and Recommendation (Dkt 83 in case no. 1:07-cv-302; Dkt 79 in case no. 1:07-cv-312) is APPROVED and ADOPTED as the opinion of the Court.

**IT IS FURTHER ORDERED** that defendant's Motion to Voluntarily Dismiss its Counterclaims (Dkt 68 in case no. 1:07-cv-302; Dkt 63 in case no. 1:07-cv-312) is GRANTED for

the reasons stated in the Report and Recommendation, and defendant's counterclaims are DISMISSED WITH PREJUDICE.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Attorney Fees (Dkt 90 in case no. 1:07-cv-302; Dkt 86 in case no. 1:07-cv-312) is DENIED.


DATED: May 13, 2009                             /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge